**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ISAIAH STANCIL,<br><br>Plaintiff,<br><br>v.<br><br>CHAMBERSBURG POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | : | Civil No. 1:26-CV-03077<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a complaint filed by Isaiah Stancil ("Plaintiff") bringing claims under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff has also filed a motion to proceed *in forma pauperis* in this action. (Doc. 4.) The court will grant the motion to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will dismiss the complaint with leave for Plaintiff cure the pleading defects by filing an amended complaint.

### BACKGROUND AND PROCEDURAL HISTORY

On October 14, 2026, the court received and docketed Plaintiff's complaint dated May 1, 2026. (Doc. 1.) Plaintiff names the following three defendants: (1) Chambersburg Police Department; (2) PrimeCare Medical[1]; and (3) Franklin

[1] In the caption of the complaint, Plaintiff identifies this Defendant as PrimeCare Medical Staff at Franklin County Jail, but in Section III of the complaint, he identifies this Defendant as PrimeCare Medical. (Doc. 1.) Here, the court construes a complaint against the collective staff of the company as a claim against the company itself.

County Jail. (Doc. 1, pp. 1–2.)[2] As a statement of facts in support of his claims against the Chambersburg Police Department, Plaintiff states: "I was groped during a pat down by the Chambersburg Police Department. They also coerced me into signing papers at FCJ." (Doc. 1, p. 2.) In support of the claims against PrimeCare Medical, Plaintiff states: "PrimeCare Medical staff at FCJ denied me the right to see a doctor [and] neglected my well-being during a manic episode with psychotic features. They also failed to report my CPS claims." (Doc. 1, p. 3.) In support of his claims against Franklin County Jail, Plaintiff states: "Franklin County Jail staff denied me the right to my PFA hearing. The jail staff also housed me with other inmates even through I have a PREA incident from Adams County Jail." (Doc. 1, p. 3.)

On October 15, 2026, the court issued an administrative order requiring Plaintiff to pay the filing fee or file a motion to proceed *in forma pauperis* within 30-days. (Doc. 2.) On November 17, 2026, the court received and docketed a motion to proceed *in forma pauperis* and a certified prisoner trust fund account statement. (Docs. 4, 5.)

The court will grant the motion to proceed *in forma pauperis* and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at Franklin County Jail in Franklin County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation

which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff names the Chambersburg Police Department as a defendant. (Doc. 1, pp. 1–2.) The Chambersburg Police Department is not a "person" subject to suit in a § 1983 civil rights action because it lacks an identity separate from the municipality of which it is a part. *See Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n. 3 (3d Cir. 2005). Accordingly, the court will dismiss the claims against the Chambersburg Police Department. This dismissal is without leave to amend because any amendment of Plaintiff's claim against the Chambersburg Police Department would be futile.

Plaintiff names PrimeCare Medical as a defendant. (Doc. 1, pp. 1–2.) A private corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). Accordingly, to state a viable § 1983 claim against Defendant PrimeCare Medical, the amended complaint must set forth "facts to state a claim that [it] had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue." *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale*,

318 F.3d at 583). Plaintiff's complaint does not address policy, custom, or practice. (Doc. 1.) Therefore, all Plaintiff's claims against PrimeCare Medical will be dismissed without prejudice.

Plaintiff names Franklin County Jail as a defendant. (Doc. 1, pp. 1–2.) It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1991). Similarly, neither a prison nor a department within a prison is a "person" subject to suit under § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016) (applying *Fischer* to county facilities). Therefore, Franklin County Jail is not a "person" within the meaning of 42 U.S.C. § 1983. Thus, all claims raised against it will be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the court will dismiss Plaintiff's complaint and grant Plaintiff leave to amend his complaint. Any amended complaint must be titled "Amended Complaint" and filed in the above-captioned action. Failure to timely file an amended complaint will result in the case being closed.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 23, 2026